UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

PETER VAN HOWE                                                          PLAINTIFF

v.                                                    CIVIL ACTION NO. 3:11CV-127-S

THE CINCINNATI INSURANCE COMPANY                               DEFENDANT

## MEMORANDUM OPINION

This matter is before the court on motion of the defendant, The Cincinnati Insurance Company ("CIC"), to dismiss the complaint for failure to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(6)(DN 5).

On October 5, 2010, Peter Van Howe was injured in an automobile accident. Van Howe was insured with CIC. The driver of the other vehicle was insured with State Farm Insurance Company. Van Howe settled with the other driver for the State Farm policy limit of $100,000.00. He then sought $300,000.00 from CIC, seeking to stack underinsured motorist coverage ("UIM") of $100,000.00 for each of three vehicles he had insured under the policy. CIC paid Van Howe $100,000.00, but declined to pay any more. CIC denies that he is entitled to additional benefits under the policy.

It is agreed that at the time of the accident Peter and Jill Van Howe insured three vehicles under the personal auto policy in question. Underinsured motorist coverage was provided to the Van Howes pursuant to an endorsement containing the following pertinent provision:

C.2.  SINGLE LIMIT

A.  If "bodily injury" is sustained in an accident by you or any "family member,"
"our" maximum limit of liability for all damages in any such accident is the limit of
liability for Underinsured Motorists Coverage in the Declarations applicable to each
vehicle.

...

The maximum limit of liability is the most "we" will pay regardless of the number
of:

1.  Policies;

2.  "Covered persons";

3.  Claims made;

4.  Vehicles or premiums shown in the Declarations; or

5:  Vehicles involved in the accident.

Underinsured Motorist Coverage – Kentucky endorsement, p.3.

The Declarations page of the Van Howes' policy indicates that they paid a single $44.00

premium for underinsured motorist coverage for the three vehicles.  It is listed on the Declarations

page as a "Single Charge Per Policy."

To overcome a motion to dismiss, a complaint must contain sufficient facts to state a claim

for relief that is "plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127

S.Ct. 1955, 167 L.Ed.2d 929 (2007).  As explained in *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct.

1937, 1950, 173 L.Ed.2d 868 (2009),

A claim has facial plausibility when the plaintiff pleads factual content that allows
the court to draw the reasonable inference that the defendant is liable for the
misconduct alleged. [*Twombly, supra.*] at 556, 127 S.Ct. 1955.  The plausibility
standard is not akin to a "probability requirement," but it asks for more than a sheer
possibility that a defendant has acted unlawfully. *Ibid.*  Where a complaint pleads
facts that are "merely consistent with" a defendant's liability, it "stops short of the

- 2 -

line between possibility and plausibility of 'entitlement to relief.'" *Id.*., at 557, 127 S.Ct. 1955 (bracket omitted).

The CIC policy is referenced by and incorporated into the complaint.  Thus the policy may be referenced in determining this motion to dismiss, as it does not constitute a matter outside the pleadings.  *Greenberg v. Life Insurance Co. of Virginia,*  177 F.3d 507, 514 (6th Cir. 1999).

CIC contends that Van Howe fails to state a claim upon which relief may be granted, as there is no right to  stack coverages to reach the claimed aggregate limit of $300,000.00 where the insured has paid one charge per policy, rather than per vehicle.

CIC notes that "[a]n insurance company [can], through the calculation and adoption of an actuarially appropriate premium, charge an insured a single UIM fee regardless of the number of vehicles covered under the policy, entitling that insured to only one unit of UIM protection."  *Cole v. State Auto Insurance Co*., 19 S.W.3d 115, 116 (Ky.App. 2000)(citations omitted).

Therefore, based upon the policy language and single policy premium indicated on the Declarations page, no aggregate coverage for UIM benefits is available under the Van Howes' policy.  The single charge per policy, and the specification that the UIM coverage applies to all eligible vehicles and/or individuals appears to be conclusive on this point.

However, Van Howe contends that he should be permitted to engage in discovery which he contends may establish his right to stack units of coverage.  Van Howe Response, p. 2.  He urges that the motion to dismiss is thus "premature."  *Id*.

Van Howe cites *Atlantic Mutual Insurance Co. v. Yates*, 2010 WL 890182 at *2  (W.D.Ky. March 9, 2010) in which the court noted that "if the 'per-policy' premium is merely illusory, then stacking will be allowed," *citing, Estate of Swartz v. Metropolitan Property & Casualty Co.*, 949

S.W.2d 72 (Ky.App. 1997). Van Howe urges that, as Kentucky law requires the court to ascertain what coverage was actually paid for, he should be permitted to engage in discovery to learn whether the amount charged was based upon the number of vehicles insured or whether some other rate structure was used to reach the per policy charge.

Van Howe indicates that he agrees with the principle that CIC could charge a single fee regardless of the number of vehicles and stacking would not be permitted. However, he contends that the mere language of the policy alone does not establish how the premium was reached, and therefore dismissal is not appropriate prior to discovery.

In *Pennington v. State Farm Mutual Insurance Company*, 553 F.3d 447 (6th Cir. 2009), the United States Court of Appeals for the Sixth Circuit noted that Kentucky courts have found that "UIM coverage is 'personal to the insured,' in that it follows an insured person rather than any particular vehicle. (*citing, Hamilton v. Allstate Insurance Co.*, 789 S.W.2d 751, 753 (Ky. 1990)). The court in *Pennington* explained that if an insurance company charges separate premiums for multiple items of the same personal insurance, then an insured is generally entitled to stack units of UIM coverage and collect on each unit purchased. 553 F.3d at 451. In *Estate of Swartz*, 949 S.W.2d at 75-76, 78, the Kentucky Court of Appeals stated that

> the deciding factor is not what the individual insured knew, read, or expected, but what he or she actually paid for UIM coverage and the manner in which the insurance company calculated and billed the premium...the payment of separate premiums for multiple items of the same 'personal' insurance coverage [is what] gives rise to the concept of stacking.

There is information in the policy documents which obviates the need for discovery in this matter. It appears that the policy was changed a number of times in July and August of 2010. Originally, the Van Howes sought to insure a 1996 Chevrolet Pickup, a 1996 Subaru Forrester, and

a 1997 Subaru Legacy.  CIC wrote a policy for these vehicles effective July 19, 2010 to July 19, 2011.  On August 13, 2010, coverage under this policy was dropped for the Subaru Forrester.  On August 16, 2010, coverage was added for a 2005 Nissan Altima.  The Declarations page for each version of the policy indicates that a single premium of $44.00 was charged for UIM coverage.

Thus it is beyond dispute that the $44.00 UIM premium charged by CIC was not a per vehicle charge.  Discovery is thus unnecessary in this matter.  Van Howe has failed to state a claim upon which relief can be granted in this action.  The single per policy premium for the listed coverage limits Van Howe's recovery to the $100,000.00 he has already recovered from CIC.  The complaint must therefore be dismissed.  A separate order will be entered this date in accordance with this opinion.

**IT IS SO ORDERED.**

November 1, 2011

**Charles R. Simpson III, Judge**
**United States District Court**